Adam P. Segal, Esq., Nevada Bar No. 6120
Christopher M. Humes, Esq., Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: asegal@bhfs.com
         chumes@bhfs.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br> Plaintiff, <br><br> v. <br><br> ARENA PARKS STADIUM SOLUTIONS, INC., a Foreign corporation, <br><br> Defendant. | CASE NO.: 2:19-cv-00530-JAD-ELY <br><br> **FIRST AMENDED COMPLAINT** |

Plaintiffs allege:

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500 and the Court has original jurisdiction pursuant to 29 U.S.C. § 1132(e). Venue is proper pursuant to 29 U.S.C. § 1132(e)(2).

2. The Plaintiffs are the Boards of Trustees of the Construction Industry and Laborers Health and Welfare Trust, the Construction Industry and Laborers Joint Pension Trust, the

Construction Industry and Laborers Vacation Trust, the Southern Nevada Laborers Local 872 Training Trust (collectively referred to as "Trust Funds") and are fiduciaries for purposes of ERISA.

3. Arena Parks Stadium Solutions, Inc., a foreign corporation, acted as an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by collective bargaining agreements ("CBA") between Arena Parks Stadium Solutions, Inc. (hereinafter referred to as "Arena Parks"), and the Construction Industry and Laborers Union Local 872.

4. The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5. The CBAs incorporate by reference the Trust Agreements establishing the Trust Funds ("Trust Agreements").

6. Pursuant to ERISA, the CBAs and the Trust Agreements, Arena Parks is obligated to make its books and records available for contract compliance review ("Audit").

7. Arena Parks has failed to respond to the Trust Funds' requests to make its books and records available for Audit.

8. The Trust Funds have insufficient facts, records or information available to calculate amounts due.

9. If an employer signatory to a CBA fails to make its books and records available for an Audit, the Trust Agreements and the Trust Funds' Collection Policy and Procedures permit the Trust Funds to presume contributions owed equal the higher of (1) the average annual contributions reported by the employer over the three years prior to the audit period or (2) $100,000 for each year covered by the attempted audit.

**FIRST CLAIM FOR RELIEF**

Equitable Relief – 29 U.S.C. § 1132(a)(3)

10. Paragraphs 1 through 9 are restated and incorporated by reference.

11. The Trust Funds have repeatedly requested that Arena Parks make its books and records available for an Audit as required by ERISA, the CBAs and the Trust Agreements.

12. Arena Parks has repeatedly refused to make its books and records available.

13. The Trust Funds request this Court compel Arena Parks, pursuant to 29 U.S.C. § 1132(a)(3), to deliver or make available to the Trust Funds all papers and documentation necessary to permit the Trust Funds or their designee to perform an Audit.

**SECOND CLAIM FOR RELIEF**

ERISA Delinquent Contributions – 29 U.S.C. § 1145.

14. Paragraphs 1 through 13 are restated and incorporated by reference.

15. Arena Parks has failed to meet its obligations to remit employee benefit contributions to the Trust Funds as set forth in the CBAs and Trust Agreements, and as required by 29 U.S.C. § 1145.

16. As a result of its delinquency, Arena Parks is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, audit fees and attorneys' fees, as provided by 29 U.S.C. § 1132(g), the CBAs, Trust Agreements and applicable Collection Policy.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For an Order compelling Arena Parks, to deliver or make available to the Trust Funds all papers and documentation necessary to permit the Trust Funds or their designee to perform an Audit;

2. A judgment against Arena Parks, for damages, including delinquent employee benefit contributions, interest, liquidated damages, and attorneys' fees and costs;

3. For other equitable relief as provided by ERISA; and

4. For such other and further relief as the Court deems proper.

Dated: September 18, 2019.   BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Adam P. Segal
Adam P. Segal, Esq., Nevada Bar No. 6120
Christopher M. Humes, Esq., Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:   (702) 382-8135

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on September 18, 2019, I served a true copy of the foregoing **FIRST AMENDED COMPLAINT** via the Court's electronic filing system and upon:

Arena Parks Stadium Solutions, Inc.
Attn:  Monica Soluri
           Vincent Caccamo
9 Hamlin Ct.
Brookfield, CT 06804

Arena Parks Stadium Solutions, Inc.
c/o CSC Services of Nevada, Inc., Registered Agent
2215-B Renaissance Dr.
Las Vegas, NV 89119

☒    **VIA FIRST CLASS MAIL**

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

19691801